```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| CORNELL KNOX | : |
|  | : |
| v. | : Civil Action No. DKC 2004-2962 |
|  | : |
| STATE FARM FIRE AND CASUALTY CO., et al. | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this removed diversity action is a motion by Defendants State Farm Fire and Casualty Co. and State Farm Mutual Automobile and Insurance Co. to dismiss count II of Plaintiff Cornell Knox's complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The issues have been fully briefed and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the reasons that follow, Defendants' motion will be granted.

I.   **Background**

The following facts have been alleged by Plaintiff Cornell Knox in his complaint.  On or about December 15, 2002, Plaintiff's automobile, along with various items of personal property contained therein, were stolen.  At that time, Plaintiff was covered under an automobile insurance policy ("the Policy") issued by Defendants.  The Policy provided that payment would be made to Plaintiff for certain events of loss, including

the theft of Plaintiff's vehicle.  Although the Policy contains coverage exclusions, Plaintiff alleges none are applicable, and that the theft of his vehicle, and the property contained therein, is an event of loss for which the Policy provides coverage.  Accordingly, Plaintiff presented claims for the losses and made a demand for payment.

After an investigation by a claims adjuster, Defendants denied Plaintiff's claims on or about December 31, 2003. Plaintiff alleges that he cooperated fully and completely in the investigation, as required by the Policy, and that "Defendants' denial of [his] claims was unreasonable."  Paper 2, ¶ 15.

On or about July 29, 2004, Plaintiff filed a two count complaint in the Circuit Court for Montgomery County, alleging breach of contract (count I) and intentional or negligent infliction of emotional distress (count II).  Defendants subsequently removed the action to this court, pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of diversity. Defendants now move to dismiss count II of Plaintiff's complaint for failure to state a claim for relief.  For the following reasons, Defendants' motion will be granted.

**II.  Standard of Review**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's

2

complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, a 12(b)(6) motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court must disregard the contrary allegations of the opposing party. *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions

3

couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**III.   Analysis**

Count II of Plaintiff's complaint alleges intentional and/or negligent infliction of emotional distress. *See* Paper 2, ¶ 19-22. Defendants have moved to dismiss this count on the basis that Plaintiff has improperly pled a tort claim in what is essentially a breach of contract action. Moreover, Defendants contend that Plaintiff's allegations are nevertheless inadequate as a matter of law to support count II. For the following reasons, Defendants' motion will be granted.

It is clear that under Maryland law, "a breach of contract does not typically give rise to an action in tort." *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476 (4th Cir. 2001). In *Hartz*, the Fourth Circuit recognized that "[t]he Maryland Court of Appeals has repeatedly held that the duty which is owed to an insured for failure to settle a claim sounds in contract and not in tort." *Id*. at 476 (citing *Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099 (Md. 1999)); *see also Johnson v. Federal Kemper Ins. Co.*, 536 A.2d 1211, 1213 (Md.Ct.Spec.App. 1988) ("[W]e hold that Maryland does not recognize a specific tort action against

an insurer for bad faith failure to pay an insurance claim."), *cert. denied*, 542 A.2d 844 (Md. 1988).  "Generally, where the essence of a relationship is contractual and the essence of the claimed dereliction by a defendant is failure to perform the contract, a cause of action arising from such dereliction is not available in tort but is available only in contract."  *Parks v. CAI Wireless Sys., Inc.*, 85 F.Supp.2d 549, 556 (D.Md. 2000) (citing *Baird v. C & P Tel. Co. of Baltimore*, 117 A.2d 873 (Md. 1955)).

In *Stephens v. Liberty Mut. Fire Ins. Co.*, 821 F.Supp. 1119 (D.Md. 1993), the plaintiffs, home owners insured by the defendant, brought suit alleging breach of contract and breach of fiduciary duty by the defendant for its "allegedly unreasonable withholding of payments" under a homeowners' insurance policy.  Specifically, the plaintiffs alleged that the defendant "intentionally and deliberately" violated the fiduciary duty it owed them "with evil motive, intent to injure and ill will."  *Id*. at 1119-20.  After surveying applicable Maryland law, the court concluded that "Maryland cases demonstrate[] that disputes between an insurer and insured do not belong in the category of hybrid contract/tort claims" and that they are "quintessential disagreements over the application and enforcement of a contract."  *Id*. at 1122.  Accordingly, it

granted summary judgment in favor of the defendant on the tort claim.  *Id*. at 1123.

Similarly, Plaintiff's complaint demonstrates that the dispute *sub judice* is a quintessential disagreement over the application and enforcement of the Policy.  Like the plaintiffs in *Stephens*, Plaintiff alleges that "Defendants' denial of [his] claims was unreasonable."  Paper 2, ¶ 2.  Although that denial may constitute a breach of contract, as Plaintiff alleges in count I, it is clear that in Maryland, "[a] contractual obligation, by itself, does not create a tort duty."  *Mesmer v. Md. Auto Ins. Fund*, 725 A.2d 1053, 1058 (Md. 1999).  Where "the essence of the claimed injury is [a] defendant's failure to perform [a] contract," the "appropriate cause of action under such circumstances is a claim for breach of contract."  *Parks*, 85 F.Supp.2d at 556 (citing *Baird,* 117 A.2d at 873). Accordingly, Maryland law does not recognize a tort cause of action under these circumstances, and, thus, count II fails to state a claim for relief.[1]

---

[1] Plaintiff's cursory attempt in his opposition to distinguish the cases cited by Defendants further reflects that this matter is indeed quintessentially a contract action.  He argues that the cases cited are inapposite because they "involve whether infliction of emotional distress is available in a case alleging bad faith failure to settle," whereas Plaintiff's action "does not involve a bad faith failure to settle, but (continued...)

Even if Plaintiff could assert a cause of action in tort arising out of Defendants' alleged breach of contract, Defendants would still be entitled to have their motion granted. First, with respect to the claim of negligent infliction of emotional distress, it is well settled that "Maryland does not recognize an independent tort for negligent infliction of emotional distress." *Miller v. Bristol-Myers Squibb Co.*, 121 F.Supp.2d 831, 839 (D.Md. 2000); *see also Bagwell v. Peninsula Reg'l Medical Ctr.*, 665 A.2d 297, 320 (Md.Ct.Spec.App. 1995) ("Maryland does not recognize the tort of 'negligent infliction of emotional distress' as an independent cause of action."); *Abrams v. City of Rockville*, 596 A.2d 116, 118 (Md.Ct.Spec.App. 1991) (stating that negligent infliction of emotional distress is not "a cognizable claim under Maryland law"). Accordingly, to the extent count II alleges negligent infliction of emotional distress as an independent tort, it is beyond doubt that Plaintiff cannot state a claim for relief.

---

[1](...continued)
rather [Defendants'] breach of the insurance contract when it refused to pay his legitimate claims, with resultant emotional distress."  Paper 13 at 2.  Thus, by Plaintiff's own admission, "the essence of the claimed injury is [Defendants'] failure to perform the contract," *Parks*, 85 F.Supp.2d at 556, resulting in alleged emotional distress.  "Accordingly, [Plaintiff] may not go forward with the claim asserted by [him] in Count II."  *Id*.

Finally, although the tort of intentional infliction of emotional distress ("IIED") is recognized in Maryland, Plaintiff has nevertheless failed to state a claim for relief.  Under Maryland law, the elements of the tort of IIED are: 1) intentional or reckless conduct; 2) that was extreme and outrageous; 3) the conduct caused plaintiff's emotional distress; and 4) plaintiff's emotional distress was severe. *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977); *see also Baltimore-Clark v. Kinko's Inc.*, 270 F.Supp.2d 695, 701 (D.Md. 2003).  "Each of these elements must be pled and proved with specificity.  It is not enough for a plaintiff merely to allege that they exist; he must set forth facts that, if true, would suffice to demonstrate that they exist."  *Foor v. Juvenile Services Admin.*, 552 A.2d 947, 959 (Md.Ct.Spec.App. 1989); *see also Arbabi v. Fred Myers, Inc.*, 205 F.Supp.2d 462, 466 (D.Md. 2002).  For conduct to qualify as extreme and outrageous, it must be so "outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community."  *Harris*, 380 A.2d at 614.  "It is for the court to determine whether the alleged conduct may reasonably be regarded as extreme and outrageous."  *Baltimore-Clark*, 270 F.Supp.2d at 701 (citing *Harris*, 380 A.2d at 615).

Maryland courts have emphasized that the elements of an IIED claim are difficult to satisfy and that "major outrage is essential to the tort; the mere fact that the actor knows that the other will regard the conduct as insulting or will have his feelings hurt, is not enough." *Kentucky Fried Chicken Nat'l Mgmt. Co. v. Weathersby*, 607 A.2d 8, 11 (Md. 1992). Thus, "the tort of intentional infliction of emotional distress should be imposed sparingly, and 'its balm reserved for those wounds that are truly severe and incapable of healing themselves.'" *Figueiredo-Torres v. Nickel*, 584 A.2d 69, 75 (Md. 1991) (quoting *Hamilton v. Ford Motor Credit Co.*, 502 A.2d 1057, 1065 (Md.Ct.Spec.App. 1986)).

Here, Plaintiff fails to set forth sufficient facts to satisfy the stringent pleading requirements for this tort. *Silkworth v. Ryder Truck Rental, Inc.*, 520 A.2d 1124, 1128 (Md.Ct.Spec.App. 1987) (recognizing that the elements of this tort "are stringent standards, and each must be pled and proved with particularity"). Plaintiff's allegations "have not been pled with anything approaching the requisite particularity" required under Maryland law. *Silkworth*, 520 at 1128. Moreover, he has failed to allege any facts that, if true, would demonstrate the existence of the requisite elements of this tort. *Foor,* 552 A.2d at 959. Against the standards set out by

the Maryland courts for stating a claim for IIED, the bald and conclusory allegations set forth in Plaintiff's complaint are "woefully inadequate." *See Beye v. Bureau of Nat. Affairs*, 477 A.2d 1197, 1205 (Md.Ct.Spec.App. 1984) (holding that "[a]lthough some of the proper adjectives and adverbs [were] present, the underlying allegations fall far short of establishing any of the four elements" of IIED). Accordingly, for these additional reasons, Defendants' motion to dismiss count II of Plaintiff's complaint will be granted.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss count II of Plaintiff's complaint for failure to state a claim will be granted. A separate Order will follow.

                                                              /s/
                                       DEBORAH K. CHASANOW
                                       United States District Judge

May 5, 2005